# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-00157-01/02-H |
| AUSTIN L. SHOFNER, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Byron H. Black, Assistant United States Attorney, and the defendant, Austin L. Shofner ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts One and Eight of the indictment. Count One charges Defendant with unlicensed firearm sales, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D). Count Eight charges Defendant with possession and transfer of a machinegun, in violation of 18 U.S.C. § 922(o) and 924(a)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment/information, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2. The *statutory* maximum penalty for each violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D), is imprisonment of not more than five years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2).

The *statutory* maximum penalty for each violation of 18 U.S.C. § 922(o) and 924(a)(2) is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for ~~three~~ two years each as to Counts One and Eight, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3)-(4) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by

2

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal, Collateral Review, and Statute of Limitations

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally

attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.      The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Counts One and Eight of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law; and

(b)     If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding—Southern District of Texas Only

10.     The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment . This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b) to set forth or dispute sentencing factors or facts material to sentencing;

    (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

    (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the

sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

>   (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

>   (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

>   (c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Eight of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

>   Beginning on an unknown date, but no later than on or about January 5, 2024, and continuing through at least March 7, 2024, said dates being approximate, in the Southern District of Texas, Defendant, not being a licensed dealer and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in

the business of dealing in and manufacturing firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D).

On February 27, 2024, in the Southern District of Texas, Defendant did knowingly possess and transfer a machinegun, that is, an AR-style rifle bearing no manufacturer's mark or serial number, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

Specifically, on January 5, 2024, Defendant arranged for a third party to sell an AR-15 style pistol and a magazine loaded with approximately 40 rounds of ammunition to an undercover law enforcement officer ("UC") at a location in Houston, Texas, for $1,200. Defendant was present for and brokered the transaction.

On January 10, 2024, Defendant sold UC two AR-15 style rifles, two magazines loaded with ammunition, and a firearm silencer in exchange for $1,800 at a location in Pasadena, Texas.

On January 24, 2024, Defendant sold UC an AR-style rifle with a barrel less than 16 inches in length and four machinegun conversion devices in exchange for $1,500 at a location in Pasadena, Texas.

Between January 27, 2024, and February 27, 2024, Defendant and UC engaged in conversations utilizing text messages and telephone calls. During these conversations, Defendant stated that the sale of firearms was his primary source of income. Defendant then agreed to sell an AR-style machinegun, an AR machinegun conversion device, and a suppressor to UC.

On February 27, 2024, Defendant sold UC an AR-style rifle bearing no manufacturer's mark or serial number; a machinegun conversion device; and a firearm silencer in exchange for $1,500 at a location in Pasadena, Texas. During the transaction, Defendant showed UC how the AR-style rifle operated as a machinegun. None of these items were registered to Defendant in the National Firearms Registration and Transfer Record. The AR-style rifle bearing no manufacturer's mark or serial number was tested at the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and was found to be a machinegun, in that it was capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger.

A records check by the ATF revealed that Defendant was never issued a license to deal firearms under federal law, such as a Federal Firearms License. Despite his lack of a license, Defendant admits and agrees that he was engaged in the business of dealing firearms by devoting time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repeated sale of firearms.

## Breach of Plea Agreement

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

16.   Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.   Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph seven above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Forfeiture

18.     As part of this plea agreement, Defendant agrees to the following:

(a)     to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation, including but not limited to the following specific assets:

   i.   Approximately 20 assorted rounds of JAG and Hornady .300 AAC Blackout ammunition, a firearm silencer bearing no manufacturer's mark or serial number, and an AR-style, .223-caliber firearm bearing no manufacturer's mark or serial number purchased from Defendant on or about January 10, 2024;

   ii.  An AR-style rifle bearing no manufacturer's mark or serial number and four machinegun conversion devices purchased from Defendant on or about January 24, 2024;

   iii. An AR-style rifle bearing no manufacturer's mark or serial number, a machinegun conversion device, and a firearm silencer bearing no manufacturer's mark or serial number purchased from Defendant on or about February 27, 2024; and

   iv.  Approximately nine rounds of Monarch and Hornady nine-millimeter ammunition seized from Defendant on or about March 7, 2024.

(b)     to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c)     that Defendant obtained at least $6,000 from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount; and

(d)     to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

## Financial Statement

19.     Defendant agrees to truthfully complete under penalty of perjury, within 30 days of

10

the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

20. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

21. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. This agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed in Houston, Texas, on ___May 23___, 2024.

_____
Austin L. Shofner
Defendant

Subscribed and sworn to before me on ___May 23___, 2024.

By: _____
Deputy United States District Clerk

APPROVED:

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: _____
Byron H. Black
Assistant United States Attorney
Southern District of Texas

_____
Spence D. Graham
Attorney for Defendant

12